### Mortimer v. Cornwell.

The authority of an agent to sign an agreement for sale of real estate, need not be in writing. But the testimony should very clearly establish the authority to make the contract substantially as made.

Where a bill is filed against a principal, on the agreement of an alleged agent, and the answer denies such agency, while the testimony tends to support the denial, an advertisement on the premises, which gave a reference to the agent, as well as to the principal, will not be a sufficient implication of a power to make the sale.

*Mr. Anthon*, for the complainant.

*Mr. H. W. Warner*, for the defendant.

The Assistant Vice-Chancellor :—It appears to me that the case does not admit of a question. The defendant caused the following advertisement to be put upon the premises : " This lot for sale ; inquire of Mary Cornwell, or of N. F. Waring, 44 Fulton-street. Price, $3,000."

The complainant applies to Waring, well knowing that the lot belonged to the defendant. His negotiations ended with an agreement between them, expressed in the following receipt : " Received, Brooklyn, June 20th, 1834, from " James Mortimer, fifty dollars on account of purchase " money for lot in Main-street, Brooklyn, belonging to Mary " Cornwell, said lot having been sold to him for $2,600, " $1,500 to remain on bond and mortgage, the balance in " cash on the delivery of the deed. Nathaniel F. Waring.

February 1, 6.

" Interest on whole amount from 1st July, 1834." Endorsed cash paid, $50 ; 27th June, $100 ; 3d July, $350.

The bill alleges that Waring was authorized to sell. The answer expressly denies this, and insists that the reference to him was only for the purposes of giving information. Waring at first expressly swears that he had not authority to sell. He qualifies it subsequently by stating that he did not know whether he had power or not. I presume that he referred to the legal construction of the notice. He also says that he informed the complainant at the time that he was not authorized to sell, and referred him to the defendant, with whom the complainant was however indisposed to negotiate.

By the statute, (2 *R. S.* 625, § 8,) no contract for the sale of lands is binding unless there is some note or memorandum thereof in writing, expressing the consideration, and subscribed by the party by whom the sale is to be made. And by the 9th section, every instrument so required to be signed by a party, may be subscribed by his agent thereunto lawfully authorized.

It is settled that the authority to the agent need not be in writing. (1 *Sch. & Lefroy*, 22. 27. 31. 2 *Eq. Ca. Ab.* 50. *pl.* 26. 10 *Vesey,* 311. 18 *Vesey,* 509. *Miller* v. *Hayman,* 1 *Yeates,* 23.) But many judges have expressed their sense of the difficulty which this rule imposes upon the party seeking a performance to make out a sufficient authority. Lord Eldon says : " To make this the " contract of the trustees, the plaintiffs must prove that they " did by parol authorize the agent, without further consulta- " tion with them, to sell the estate in the manner, and at " the price." (*Mortlock* v. *Butler,* 10 *Vesey,* 111.)

The nearest case to the present, is *Clinan* v. *Cooke,* (1 *Sch. & Lefroy,* 22,) where there was a reference to an agent in an advertisement, similar to this. But while the answer denied the general power in the agent, it admitted permission to him to make the agreement, if he could arrange with some other persons who had a claim ; admitted the reception from the agent of the fifty guineas paid as the earnest ; and in addition there was proof of the principal's

having acknowledged that Meagher was his agent; that he would abide by his bargains, and of his having referred persons to him on matters respecting his lands.

In *Howard* v. *Braithwaite*, (1 *Vea. & Bea.*,) Lord Eldon says, if the agent state at the time that he had no authority, the principal cannot be bound.

Thus the question is, whether in opposition to a denial of power in an answer, wholly uncontradicted by evidence—on the contrary rather supported by it—this advertisement so clearly implies a power to contract for a sale, as to refute the answer, and exclude the evidence ? It seems to me impossible to hesitate upon such a question. The complainant knew the true owner; knew that Waring was not such, and was bound to ascertain and be able to establish satisfactorily, the extent of his power.

With respect to the case of *Perkins* v. *The Washington Ins. Co.* (4 *Cowen*, 645,) relied upon by counsel, it is evident that it was decided upon the ground that the agreement with Russell was essentially within the powers given him, embracing all the contingencies prescribed in the letter of the Company. The agent having acted conformably to these instructions bound his principal

The bill must be dismissed with costs.